UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                            Case No. 14-12582

THIRTY-NINE THOUSAND FIVE HUNDRED,       HON. AVERN COHN
SEVENTY-SIX DOLLARS ($39,576) IN
U.S. CURRENCY, ET AL.

    Defendant.

_____/

**<u>ORDER GRANTING PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. 14)</u>**

**I. INTRODUCTION**

This is a civil forfeiture case. The United States of America (the Government), seeks an entry of a default judgment and final order of forfeiture relating to $39,576 in currency and assorted jewelry. On October 1, 2014, the Clerk filed an Entry of Default (Doc. 13). On October 21, 2014, Brian Minner (Claimant) filed an Answer to the Complaint for Forfeiture (Doc. 17), Affirmative Defenses (Doc. 18), and a Verified Statement of Interest with respect to the defendant property (Doc. 21).

Now before the Court is the Government's Motion for Entry of Default Judgment and Final Order of Forfeiture (Doc. 14). For the reasons that follow, the Government's motion is GRANTED.

1

## II. BACKGROUND

The defendant property was seized by agents of the Drug Enforcement Administration (DEA) pursuant to State of Michigan search warrants executed on or about February 11, 2014. The defendant currency was seized from a house on West Outer Drive in Detroit, Michigan; the defendant jewelry was seized from a house on Strasburg Street, also in Detroit.

On July 1, 2014, the Government filed a verified Complaint for Forfeiture (Doc. 1). A copy of the Complaint was served upon Claimant and his counsel, Attorney Gabi Silver, by certified and regular mail on July 3, 2014 (Doc. 5). The Government served Silver with a copy of these documents because she represented Claimant during an earlier administrative forfeiture proceeding. The certified mail was received and signed by Silver on July 7, 2014 (Doc. 12-2). In addition, a Notice of Civil Forfeiture was published on a Government internet site for at least 30 consecutive days beginning July 3, 2014 (Doc. 10).

Pursuant to these Notices, Claimant had until August 7, 2014 to file a verified claim with the Court and 21 days thereafter to file an answer to the Complaint. On July 22, 2014, Silver contacted the Government requesting an extension of time for Claimant to file a claim. The Government agreed to the request, extending Claimant's deadline to September 19, 2014, giving him a total of 78 days to file his claim.

During the month of September, Government counsel was contacted by Attorney David Cripps, Silver's husband. Twice, Government counsel attempted to return Cripps's phone call and left messages, neither of which was returned by Cripps. By October 1, 2014, the time to file claims had expired, and no claim had been filed. That day, the Government filed a Request for Clerk's Entry of Default (Doc. 11), which was entered that

same day.  (Doc. 13)

On October 6, 2014, Government counsel received a call from Cripps, who requested her to set aside the Clerk's Entry of Default and allow Claimant to file a claim. Cripps explained that he had been in a two-week trial that ended the prior Thursday, October 2.  However, because Cripps had no explanation for Claimant's failure to file a claim within the 78 days, and because in the Government's view there were no extenuating circumstances justifying the late filing, the Motion for Entry of Default (Doc. 14) was filed the same day.

On October 21, 2014, the day before the Court was to hear arguments on the motion, Claimant filed an Answer to the Complaint (Doc. 17), Affirmative Defenses (Doc. 18), an Answer to the Government's Motion for Default Judgment, (Doc. 19), and a Verified Statement of Interest (Doc. 21).  In addition, Claimant is now represented by new counsel, Attorney Marshall Goldberg.

### III. ANALYSIS

### A. Standard of Review

Under the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions." 18 U.S.C. § 983(a)(4)(A).  Rule G(5) of the Supplemental Rules mandates that any person asserting an interest in property which is the subject of a federal civil asset forfeiture action must file a timely claim:

> Unless the court for good cause sets a different time, the claim must be filed:
> (A) by the time stated in a direct notice sent under Rule G(4)(b); (B) if notice was published but direct notice was not sent to the claimant or the claimant's

> attorney, no later than 30 days after final publication of newspaper notice or legal notice under Rule (G)(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site . . .

Supplemental Rule G(5)(a)(ii)(A)-(B). Similarly, Federal Rule of Civil Procedure 55 provides that a court may set aside an entry of default where there is "good cause" shown. While a court has discretion to allow a late filing where there is good cause, "[g]enerally, courts have held claimants to strict compliance with the provisions of Rule G(5)." *United States v. Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp. 2d 816, 823 (E.D. Mich. 2010).

### B. Discussion

Claimant asks that the Court deny the Government's motion for default judgment, set aside the Clerk's entry of default, and allow the late filing of his Statement of Interest and Answer. In support, Claimant argues that there is good cause for these requests. Claimant says that his previous counsel had been involved in a lengthy capital trial that ended on Friday, October 17, 2014. Further, Claimant says that because Silver sustained injuries to her shoulder, she was unable to work for a period of time, or to meet with Claimant's new counsel until October 10, 2014. Based on this confluence of events, Claimant argues that the Court should set aside the entry of the default for "good cause."

Claimant's arguments are without merit; the Court finds good cause to be lacking. As described above, the Government properly served the Complaint upon Claimant and his counsel, gave the required public notice, made multiple unreturned phone calls, and provided a total of 78 days for Claimant to file his claim. Claimant was provided sufficient notice and ample time within which to do so. His explanation for his delinquency based on Silver's involvement in another trial and a shoulder injury is equally unsatisfactory. In addition, beyond the absence of a showing of excusable neglect, Claimant's papers fail to

demonstrate with any detail that he has a meritorious defense to the forfeiture. Accordingly, the Government's motion has been granted.

SO ORDERED.

                                         S/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE

Dated: November 13, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 13, 2014, by electronic and/or ordinary mail.

                                         S/Sakne Chami
                                         Case Manager, (313) 234-5160